**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

```
DEC 12   3 11 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.
```

| | |
|---|---|
| STEVE LIBBY | ) |
|      Plaintiff, | ) |
| | ) |
| | )   C.A. NO: 302CV1667-JBA |
| | ) |
| WILLIAM H. COSTIGAN, JR., | ) |
| CHIEFTAN FISHING, INC., THE CHIEF, | ) |
| SMITH BROTHERS LAUNCH COMPANY, INC., | ) |
| SMITH BROTHERS FISH COMPANY, INC. | ) |
|      Defendants. | ) |

**MOTION FOR AN ORDER TO COMPEL**
**PRODUCTION OF MEDICAL RECORDS**

NOW COME the Defendants, William Costigan, Jr., Chieftan Fishing, Inc., The Chief,

Smith Brothers Launch Company Inc., and Smith Brothers Fish Company, Inc., and request this

Honorable Court issue an order compelling The Penobscot Bay Medical Center (a/k/a/ PenBay)

to produce any and all medical records relating to Steve Libby and copies of any invoices issued

by The Penobscot Bay Medical for services rendered to Steve Libby.

In support of this motion the Defendants state the following facts:

1)    Steve Libby received medical treatment at The Penobscot Bay Medical Center,

located at 6 Glen Cove Drive, Rockport, Maine as part of his recovery following

injuries allegedly sustained on or about August 5, 2000.  (See Deposition

Testimony of Steve Libby pp. 16-18 attached hereto as Exhibit A).

2)    Maine counsel for the Defendants, William H. Welte, Esq., has made numerous

efforts to obtain the subject medical records and invoices from The Penobscot

Bay Medical Center.  As of the date of this motion, counsel for Penobscot Bay

L:\12205\000\Pleadings\30

has refused to produce the requested documents without a proper authorization executed by Steve Libby.

3)    On October 28, 2003 an Authorization to Furnish Medical Information from Penobscot Bay Medical Center was forwarded to plaintiff's counsel for execution by plaintiff Libby. (See copy of correspondence and authorization attached hereto as Exhibit B).

4)    As of the date of this motion, plaintiff's counsel has refused to return the signed Authorization to Furnish Medical Information from Penobscot Bay Medical Center.

**WHEREFORE**, the Defendants respectfully request this Honorable Court issue an order compelling Penobscot Bay Medical Center to produce to Defendants' counsel, Looney & Grossman LLP, 101 Arch Street Boston, Massachusetts, 02110, on or before January 10, 2004, any and all medical records pertaining to Steve Libby and any and all invoices issued to Steve Libby for services rendered.

WILLIAM H. COSTIGAN, JR.,
CHIEFTAN FISHING INC., THE CHIEF
SMITH BROTHERS LAUNCH COMPANY, INC.,
AND SMITH BROTHERS FISH COMPANY,
INC.
By their attorney,

Bertram E. Snyder, BBO#471320
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800
Juris No. CT00777

L:\12205\000\Pleadings\30

Henry C. Ide, Esq.
49 West Main Street
Avon, Connecticut 06001
(860) 674-8230
Juris No. CT05594

SO ORDERED this 10 day of DECEMBER 2003.

_____

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

STEVE LIBBY                )
        Plaintiff,     )
                )
                )       C.A. NO: 302CV16671-JBA
                )
WILLIAM H. COSTIGAN, JR.,     )
CHIEFTAN FISHING, INC., THE CHIEF,    )
SMITH BROTHERS LAUNCH COMPANY, INC.,)
SMITH BROTHERS FISH COMPANY, INC.    )
        Defendants.    )
                )

## ORDER TO PRODUCE MEDICAL RECORDS

Per order of this Court entered this _____ day of December 2003 Penobscot Bay Medical

Center (a/k/a PenBay), 6 Glen Cove Drive, Rockport, Maine 04856, is hereby ordered to produce

to defendants' counsel, Looney & Grossman LLP 101 Arch Street, Boston, Massachusetts

02110, any and all records concerning medical treatment received by Steve Libby, Date of Birth

November 4, 1968; SSN 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; currently residing at 47 Thomason Street, Rockland,

Maine, at Penobscot Bay Medical Center following an injury suffered by Steve Libby on or

about August 5, 2000, and all invoices or bills sent to Steve Libby for such services rendered.

Said medical records and invoices or bills shall be provided to Looney & Grossman LLP within

_____ days of the date of this order.


SO ORDERED THIS ____ DAY OF DECEMBER 2003.


_____

1       four days and take it easy and it would be all right.

2    Q.  What emergency room did you go to, sir?  What city,

3       what hospital?

4    A.  Rockland.  Pen Bay is the name of it.

5    Q.  Say that again, please.

6    A.  Pen Bay.  P E N   B A Y.

7    Q.  Pen Bay --

8    A.  Yep.

9    Q.  -- that is the name of the hospital in Rockland?

10   A.  Yes.

11   Q.  Thank you.

12          And you think that might have been 1999 or 2000?

13   A.  Yeah, right around there.

14   Q.  Did they --

15   A.  I think it was 2000 I'm pretty sure, but I'm not

16      positive.

17   Q.  Did they give you any medications or anything?

18   A.  I can't remember.  I think they did give me something,

19      but I don't pay much attention.

20   Q.  How long before you say you were hurt on the CHIEF did

21      you pull this muscle clam digging?  A week, a month,

22      two months?  Best estimate.

23   A.  Oh, I can't recall.  A few months.

24   Q.  Other than going to the emergency room at the Pen Bay

25      Hospital in Rockland, Maine, did you seek any other

1    medical help --

2  A.  What do you mean?

3  Q.  -- for that -- I'm sorry, for the pulled muscle clam

4    digging?

5  A.  No.

6  Q.  Did you have insurance when you went to the Pen Bay

7    Hospital?

8  A.  No.  I was self-employed.

9  Q.  Did you pay the bill?

10  A.  Nope.  I think I still owe it.

11  Q.  Have you been back to Pen Bay Hospital since that

12    emergency room visit?

13  A.  I couldn't -- I don't -- I don't really know.  I can't

14    remember.  Yeah, I think so.  I have after, yep.

15  Q.  And -- and what reasons did you go back to the Pen Bay

16    Hospital?

17  A.  I think I went back there for an MRI on my back.

18  Q.  And was that MRI on your back -- was that because of

19    the -- of the problem you had while you were digging

20    clams?

21  A.  No.

22  Q.  And what -- what was the MRI on your back for?

23  A.  For the CHIEF.

24  Q.  Do you have any memory, sir, of when you had the MRI on

25    your back?

1    A.   Oh, I couldn't tell you what date it was.  I've had --

2         I've had quite a few.

3    Q.   You've had quite a few MRIs?

4    A.   Mm.   Three or four of them I do believe.

5    Q.   Have they all been at the Pen Bay Hospital or have they

6         been at other hospitals?

7    A.   I think -- I think I had one at Maine Medical and I

8         think I've had the rest at Pen Bay.  And I had some

9         x-rays at my doctor's office too.

10   Q.   What doctor was this, sir?

11   A.   Michael J. Totta.

12   Q.   Do you consider Dr. Totta your treating physician for

13        the injuries you say you sustained on the CHIEF?

14   A.   Yes.

15   Q.   Have you found Dr. Totta to be a -- in your mind, a

16        competent doctor?

17   A.   Yes.

18   Q.   Have you had -- do you consider that you have a good

19        relationship with him, that you can talk to him and he

20        listens?

21   A.   No, not when I owe him a bill.

22   Q.   Okay.

23   A.   He won't let me come back there.

24   Q.   How about before you owed him a bill?

25   A.   I really don't know.  He was an all right doctor I

# Looney & Grossman LLP
## Attorneys at Law

Bertram E. Snyder
Voicemail:  Ext 543
Email: bertsnyder@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
www.lgllp.com

October 28, 2003

Eric J. Land, Esq.
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

> **Re:**     **Steve Libby v. William H. Costigan**
> **C.A. No. 302CV1667 (JBA)**
> **Our File No. 1372.078**

Dear Mr. Land:

As you know I have noticed the deposition of the PenBay Medical Center to obtain Mr. Libby's medical records.  The hospital will not provide the records citing a new Maine privacy law (RR 2001, c. 1 §26 6 F-1, F-2).

I enclose an authorization to by signed by Mr. Libby to allow the release of the PenBay records.

Please advise within seven days whether Mr. Libby will execute the proposed authorization. If not, I will have no choice but seek a Court order compelling the hospital to produce the records. The hospital does not consider a subpoena to be the equivalent of a Court order.

I look forward to hearing from you.

Very truly yours,

Bertram E. Snyder

BES/ldo
Enclosure

cc:     Henry C. Ide, Esq. (w/enclosure)

L:\1372.078\Ltr\39